IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH GLOVER,<br><br>                Plaintiff,<br><br>vs.<br><br>ELEVATE PROPERTY MANAGEMENT and MFR-XVIII JONES LLC c/o URS Agents Inc.,<br><br>                Defendants. | 8:25-CV-208<br><br>ORDER |

    This matter is before the Court on the plaintiff's motion to remand this case to state court (filing 19), following his filing of an amended complaint (filing 16) which removed any federal questions. The Court will grant the plaintiff's motion.

    The defendants' arguments opposing the motion aren't persuasive. First, the defendants suggest that because the Nebraska Fair Housing Act, Neb. Rev. Stat. § 20-301 to 20-344 is modeled after the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, this Court is "well-suited to address" the plaintiff's claim which is "guided by federal law." Filing 23 at 3-4 (citing *RGR Co. LLC v. Lincoln Comm'n on Human Rights*, 873 N.W.2d 881, 892 (Neb. 2016)).

    But that's not the relevant question. This Court and state courts are all well-suited to address claims guided by state or federal law. Rather, the question is whether this Court has subject-matter jurisdiction over a case that no longer *arises under* federal law. The answer to that question is obviously "no." *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Nor does the Nebraska Supreme Court's voluntary use of federal law to inform its construction of state law place federal law at issue for jurisdictional purposes.

*See id.* (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)); *see also, e.g.*, *Vlaming v. W. Point Sch. Bd.*, 10 F.4th 300, 308 (4th Cir. 2021) (claims did not raise federal issue when there was "no reason that the state court could not decide this case on purely state law grounds . . . if it wished"); *Intl. Union of Operating Eng'rs v. Cnty. of Plumas*, 559 F.3d 1041, 1045 (9th Cir. 2009) ("'Arising under' federal jurisdiction only arises, then, when the federal law does more than just shape a court's interpretation of state law").

The defendants also suggest that the plaintiff "invoke[d] the Court's jurisdiction" by moving for preliminary injunctive relief. Filing 23 at 4; *see also* filing 21. That, of course, has it backwards: Lack of subject-matter jurisdiction cannot be waived by the parties—or ignored by the court—at any stage of the litigation. *Sadler v. Green Tree Servicing, LLC*, 466 F.3d 623, 625 (8th Cir. 2006). The Court must have jurisdiction over a matter before it grants preliminary relief. *Sprint Commc'ns Co. L.P. v. Wynne*, 121 F. Supp. 3d 893, 897 (D.S.D. 2015); *see also Minn. Chamber of Com. v. Choi*, 765 F. Supp. 3d 821, 838 (D. Minn. 2025). Granting the motion to remand—as the Court must, *see Royal Canin*, 604 U.S. at 43—is grounds to deny the motion for injunctive relief, not the other way around.

IT IS ORDERED:

1. The plaintiff's motion to remand (filing 19) is granted.

2. This case is remanded to the District Court of Douglas County, Nebraska.

3. The plaintiff's "Emergency Motion for Protective Order" is denied without prejudice to reassertion in state court.

Dated this 28th day of May, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge